UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. LAGUER,<br><br>          Plaintiff,<br><br>    v.<br><br>H. ARREOLA, et al.,<br><br>          Defendants. | No.  1:24-cv-00979-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 18) |

      Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

      This action is proceeding on Plaintiff's failure to protect claim against Defendants August Vasquez, L. Pantoja, F. Correia, and patio security and escort officers (John Does 1 through 3). (ECF No. 13.)

      On April 21, 2025, all of the named Defendants waived service of the operative complaint and a response is currently due on or before May 20, 2025.  (ECF No. 17.)

      Currently before the Court is Plaintiff's motion to prevent his transfer to a different prison facility, filed May 15, 2025.

///

///

1

# I.

# LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. A preliminary injunction is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). "The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined." Manago v. Gonzales, 2013 WL 1499323, at *2 (E.D. Cal. Apr. 10, 2013) (citing University of Texas v. Camenisch, 451 U.S. 390, 395 (1981)).

A preliminary injunction will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. Id. at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Zepeda v. U.S. Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985); see also McKinney v. Hill, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

2

1  bargaining power of prison administrators—no longer may courts grant or approve relief that
2  binds prison administrators to do more than the constitutional minimum." Gilmore v. People of
3  the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited
4  to the parties in this action" and the pendency of an action "does not give the Court jurisdiction
5  over prison officials in general or over the conditions of an inmate's confinement unrelated to the
6  claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).  Further,
7  state governments have "traditionally been granted the widest latitude in the dispatch of [their]
8  own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This
9  deference applies even more strongly when the court is asked to involve itself in the
10 administrative decisions of a prison. See Turner v. Safely, 482 U.S. 78, 85 (1987); Sandin v.
11 Conner, 515 U.S. 472, 482-83 (1995).

## II.

## DISCUSSION

In his current motion, Plaintiff contends that on March 5, 2025, he was attacked and stabbed during a riot resulting in his transfer to Mule Creek State Prison where is currently incarcerated.  (ECF No. 18.)  Plaintiff contends that his property was lost and prison officials have refused to allow him to use the law library.  (Id.)  Plaintiff is "requesting that the courts make the CDCR stop transferring me placing me in dangerous situations not allowing me the proper pens and paper, documents of access to make copies for the courts and Defendants they are doing this on purpose to impe[de]/stonewall or stop my lawsuit[]…."  (Id.)

First, this Court cannot issue the injunction Plaintiff seeks because it does not have jurisdiction in this action over prison officials at Mule Creek State Prison.  See Baston v. Yett, 2018 WL 460546, at *3 (E.D. Cal. Jan. 18, 2018) ("[T]he Court does not have personal jurisdiction over the prison officials [at plaintiff's current prison] that would be enjoined by the injunction — it is undisputed that the only Defendants in the case are prison officials at [plaintiff's prior prison]."); see also Walker v. Varela, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (the Court "lacks the authority to direct CDCR to move plaintiff to another prison" because the CDCR was not a named defendant); Balzarini v. Diaz, 2020 WL 4343694, at *2 (C.D. Cal. Mar. 30,

2020) (court does not have jurisdiction over the CDCR in a prisoner action in which the CDCR is not a party).

Second, the requested preliminary injunction is not related to the failure to protect claim presented in the operative complaint which occurred at Kern Valley State Prison. This motion is predicated on Plaintiff's disagreement of being transferred and the lack of access to legal materials and the law library at Mule Creek State Prison. There is no material overlap between the facts Plaintiff must prove to prevail on his claims in the operative complaint and the alleged wrongs raised in the present motion arising from actions at Mule Creek State Prison. Therefore, in addition to lacking personal jurisdiction over the parties that would be subject to the preliminary injunction, the Court also lacks the necessary subject matter jurisdiction to issue the requested preliminary injunction. See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Adams v. Castillo, 2022 WL 18779756, at *9 (C.D. Cal. Oct. 31, 2022) (complaint alleging interference with prisoner-plaintiff's mail was unrelated to requested preliminary injunction regarding access to medical care and telephone privileges).

Third, although Plaintiff believes he may be subject to another transfer, " '[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.' " Mester v. Dickinson, 2010 WL 1658472, *2 (April 23, 2010) (citing Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (other citations omitted)). A presently existing actual threat must be shown. Mester, 2010 WL 1658472, at *2 (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997).

Lastly, Plaintiff has failed to demonstrate that he has been prejudiced by any restricted access to his legal materials and/or law library or that any of the relief he presently seeks is essential to preserve the status quo in the underlying action. The docket provides ample evidence that Plaintiff is not being unreasonably denied access to the court. Indeed, Plaintiff's present filing supports such finding.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge