UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. LAGUER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>H. ARREOLA, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00979-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 22) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed June 24, 2025.  In support of his motion for appointment of counsel, Plaintiff states that the case is complex, requires expert testimony, he has limited education and knowledge of the law, he has limited access to the law library, and he is indigent.  (ECF No. 22.)

　　　　The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.' " Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1    Only "rarely" will a federal court find a case to be so complex that it is appropriate to
2 appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand.
3 Williams v. Navarro, No. 3:18-cv-01318-DMS-RBM, 2021 WL 634752, at *2 (S.D. Cal. Feb. 17,
4 2021). This includes civil rights litigation involving excessive use of force, deliberate indifference
5 to medical care, retaliation, and cruel and unusual punishment claims.  See Thompson v. Burach,
6 513 Fed. Appx. 691, 693 (9th Cir. 2013) (upholding denial of appointment of counsel for pro se
7 prisoner where excessive force claim did not demonstrate exceptional circumstances); see also
8 Goldstein v. Flament, 167 Fed. Appx. 678, 680-81 (9th Cir. 2006) (upholding denial of
9 appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate
10 indifference to medical needs claims did not demonstrate exceptional circumstances); see also
11 Miller v. McDaniel, 124 Fed. Appx. 488, 489-90 (9th Cir. 2005) (upholding denial of
12 appointment of counsel for pro se prisoner where Fourteenth Amendment right to informational
13 privacy and Eighth Amendment right to be free from cruel and unusual punishment claims did not
14 demonstrate exceptional circumstances and plaintiff had the ability to articulate his claims).

15    Here, there are no "exceptional circumstances" to justify appointment of counsel at this
16 time.  Plaintiff is proceeding on a failure to protect claim.  Plaintiff's claim is "typical of almost
17 every pro se prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional
18 circumstances" standard. See Thompson v. Paramo, No. 16CV951-MMA (BGS), 2018 WL
19 4357993, at *1 (S.D. Cal. Sept. 13, 2018); see also Jones v. Kuppinger, 13CV451-WBS (AC),
20 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most
21 prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and
22 disability, do not in themselves establish exceptional circumstances warranting appointment of
23 voluntary civil counsel."); Morris v. Barr, No. 10-CV-2642-AJB BGS, 2011 WL 3859711, at *3
24 (S.D. Cal. Aug. 31, 2011) (finding "the potential need for experts, and [plaintiff's] ability to
25 obtain discovery and conduct depositions are not exceptional circumstances warranting the
26 appointment of counsel"); Alvarez v. Ko, 16-CV-1302-CAB-NLS, 2017 WL 3131633, at *3
27 (S.D. Cal. July 24, 2017) (finding all—or nearly all—prisoner claims based upon civil rights
28 violations pursuant to 42 U.S.C. § 1983 involve defenses of qualified immunity and issues of

1  supervisory liability).

2  Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of
3  counsel. See Docket. In addition to the instant motion, Plaintiff has submitted a complaint [ECF
4  No. 1], a motion to proceed in forma pauperis [ECF No. 2], a prisoner trust fund account
5  statement [ECF No. 4], notice to proceed on the cognizable claim [ECF No. 10], and a motion for
6  a preliminary injunction [ECF No. 18]. From the Court's review of Plaintiff's filings, it is clear
7  that Plaintiff is able to articulate his claims and arguments.

8  Plaintiff's failure to protect claim is not complex and Plaintiff has demonstrated ability to
9  articulate his arguments establish that this case is not an "exceptional" one warranting the
10 appointment of counsel at this stage. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D.
11 Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute
12 exceptional circumstances, as these are the types of difficulties many other litigants face in
13 proceeding pro se); see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish
14 successfully the complexity of the relevant issues was a demonstration of the need for
15 development of further facts, practically all cases would involve complex issues."); LaMere v.
16 Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for
17 appointment of counsel where pleadings demonstrated petitioner had "a good understanding of
18 the issues and the ability to present forcefully and coherently his contentions").

19 Further, circumstances common to most prisoners, such as lack of legal education and
20 limited law library access, do not establish exceptional circumstances that would warrant a
21 request for voluntary assistance of counsel. Accordingly, Plaintiff's motion for appointment of
22 counsel is denied, without prejudice.

23
24 IT IS SO ORDERED.

25 Dated:  **June 30, 2025**
                                        STANLEY A. BOONE
26                                      United States Magistrate Judge

27
28

3