UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. LAGUER,<br><br>            Plaintiff,<br><br>   v.<br><br>H. ARREOLA, et al.,<br><br>            Defendants. | No. 1:24-cv-00979-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 20) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss Plaintiff's official capacity claims, filed May 10, 2025. (ECF No. 20.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's failure to protect claim against Defendants August Vasquez, L. Pantoja, F. Correia, and John Does 1 through 3.

Defendants filed the instant motion to dismiss on May 10, 2025. Plaintiff did not file an opposition and the time to do has passed. Local Rule 230(l).

///

1

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, as a LGBTQ inmate, was set-up to be harmed and attacked with weapons by officers at Kern Valley State Prison (KVSP). On September 18, 2023, Plaintiff spoke with Vasquez and other unknown officers about the STG's 25er gang threats to stab her. Plaintiff was later let out of her cell and attacked the STG 25er gang for no reason. Lieutenant Arreola knew the assault was going to happen, and L. Pantoja and F. Correia were told about the possible threats to her life. The patio security and escort officers (John Does 1 through 3) were notified as well and they turned a blind eye. Defendants failed to take reasonable measures to protect Plaintiff from the other inmates who threatened harm to her life. Plaintiff received injuries to his hands, body, face and suffered emotional and mental distress.

After the incident was over, lieutenant Arreola ordered Doe officers to handcuff Plaintiff and left him on the patio for over 11 hours in over 90 degrees temperature. Plaintiff was forced to eat while handcuffed, despite continuing to ask for the handcuffs to be removed due to the pain and swelling. All of the Defendants refused to uncuff Plaintiff stating that lieutenant Arreola ordered to leave her handcuffed. Plaintiff was seen by a nurse and given a CDCR form 7219 (medical report).

## III.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
3  upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A
4  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
5  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
6  at 678.

7  "As a general rule, a district court may not consider any material beyond the pleadings in
8  ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)
9  (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa
10 Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary
11 judgment. Lee, 250 F.3d at 688. There are exceptions for material which is properly submitted as
12 part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-
13 89. "If the documents are not physically attached to the complaint, they may be considered if the
14 documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on
15 them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

16 A motion to dismiss for failure to state a claim should not be granted unless it appears
17 beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
18 entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se
19 pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,
20 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz
21 v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal
22 interpretation of a pro se complaint may not supply essential elements of the claim that were not
23 pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

24 **IV.**
25 **DISCUSSION**

26 Claims for damages against the state, its agencies, or its officers for actions performed in
27 their official capacities are barred under the Eleventh Amendment, unless the state waives its
28 immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate the

1  states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45
2  (1979); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment
3  does not bar suits against state officials sued in their individual capacities, nor does it bar suits for
4  prospective injunctive relief against state officials sued in their official capacities). Although a
5  "narrow exception exists" for prospective relief under the Ex Parte Young doctrine, Krainski v.
6  Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010).
7  Plaintiff seeks no prospective relief here. (See ECF No. 1 at 8.)  In this action, Plaintiff is seeking
8  only monetary compensation from Defendants, but she is doing so in both their official and
9  individual capacities. (ECF No. 1 at 5:27-28.)  Because the State has not consented to this action,
10 Eleventh Amendment sovereign immunity bars all damage claims against Defendants in their
11 official capacities.
12      Plaintiff also cannot sue Defendants in their official capacities because Defendants, while
13 acting in such a capacity, are not "persons" under § 1983, and because Plaintiff did not bring
14 injunctive claims against them. As the Supreme Court explained in Will v. Michigan Dep't of
15 State Police, 491 U.S. 58, 65 (1989), a "State is not a 'person' within the meaning of § 1983 . . . ."
16 because "a suit against a state official in his or her official capacity is" essentially "a suit against
17 the State itself," and "officials acting in their official capacities are [not] 'persons' under § 1983"
18 and thus cannot be sued for damages absent consent from the State. Id. at 71. For these reasons,
19 Plaintiff's claims against Defendants in their official capacities are not cognizable under § 1983.

## V.

## RECOMMENDATIONS

22      Accordingly, IT IS HEREBY RECOMMENDED that:
23  1.  Defendants motion to dismiss (ECF No. 20) be granted; and Plaintiff's claims
24      against Defendants in their official capacity be dismissed.
25  2.  Defendants be ordered to file an answer within fourteen days from the date of any
26      order adopting these Findings and Recommendations.
27      These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

**(14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge